VAN NORTWICK, J.,
dissenting.
Because I find that competent substantial evidence in the record supports the JCC’s findings that the work performed by claimant on the date of the heart attack was not routine for his job and that the heavy delivery volume and uphill delivery requirements on that day caused unusual strain or overexertion not routine to this usual work of claimant, I conclude that we are obligated to affirm. Accordingly, I respectfully dissent.
As the majority states, where, as here, a claimant has a preexisting heart disease, an injury sustained from the heart condition is compensable under chapter 440, Florida Statutes, only if the claimant, at the time of injury, was subject to unusual strain or overexertion not routine to the type of work which he or she was accustomed to performing. Victor Wine, 141 So.2d 581, 588-89 (Fla.1962). Under the Victor Wine test, “whether a heart attack occurred during a job-related exertion over and above normal working conditions constitutes the test for legal causation, and proof of this element is geared towards satisfying the requirement that an injury is one arising out of the employment.” Harper v. Sebring Int’l Raceway, Inc., 886 So.2d 288, 291-2 (Fla. 1st DCA 2004)(cit-ing McCall v. Dick Burns, Inc., 408 So.2d 787, 790 (Fla. 1st DCA 1982)). In determining what is “routine” under Victor Wine, consideration must be given to the job a claimant was accustomed to performing at the time of his heart attack. Harper, 886 So.2d at 291. A heart attack may be deemed compensable if the extent of claimant’s activity was significantly greater at or before the time of injury than was usually the case and not routine to the job that the claimant was accustomed to performing. Id.; see also Gardinier, Inc. v. Coker, 564 So.2d 254 (Fla. 1st DCA 1990).
The majority suggests that the claimant here is required to introduce a specific type of evidence to establish that his employment exertion was not routine under the Victor Wine test. While the majority’s suggestions are certainly a logical approach that a claimant might adopt to prove this element of Victor Wine causation, the applicable case law does not require any particular type of evidence to satisfy the test. Here, the record contains competent, substantial evidence to support the JCC’s finding that the work performed by claimant was not routine and caused unusual strain and overexertion not routine to his usual work. In my view, the majority opinion inserts this court into the fact-finder’s role.
The record reflects that, as a delivery driver, claimant drove a truck to an average of sixteen to twenty-three locations a day, manually unloaded and stacked Coca-Cola products packed in cases of cans or bottles or canisters of syrup from his truck onto a wheeled cart, pushed the loaded cart into the store, and removed the products from the cart onto shelves or a storeroom. The claimant testified that the quantity of products he was required to deliver on the day of his heart attack was an unusually heavy load which required *78 unusual and intense physical labor to push the loaded cart uphill. Although the claimant’s supervisor testified concerning the number of cases delivered that day and the routine delivery load of deliverymen under his supervision, the JCC accepted the claimant’s testimony, as the JCC was free to do. The JCC also expressly accepted the testimony of a cardiologist who performed an independent medical examination of claimant and who testified that the major contributing cause of the heart attack suffered by claimant was the work performed by claimant which resulted in biochemical and physical stress to claimant’s coronary arteries such that plaque already present in the artery erupted and blocked the artery leading to the heart attack.
Although I might have ruled differently had I been the finder of fact, there is no doubt that the record contains competent substantial evidence to support the JCC’s findings that claimant was subject to unusual work-related stress or exertion prior to his heart attack. As a result, in my view, we should affirm the JCC’s order ruling that the heart attack was compensa-ble.